USDC SCAN INDEX SHEET










```
BJR    6/9/00    14:18
3:00-CV-01161    KALLMANN V. SAN DIEGO CITY OF
*1*
*CMP.*
```

TAD MAILANDER (153570)
2707 Garnet Avenue, Ste. 200-F
San Diego, CA 92109
phone (858) 274-8131
fax (858) 274-8127

Attorney for Plaintiffs,
CHARLES KALLMANN & WIEBEKE KALLMANN

FILED
00 JUN -8 PM 12:39
B. Reed
DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

'00 CV 01161 E (AJB)

| | |
|---|---|
| CHARLES KALLMANN, WIEBEKE KALLMANN, ) | CASE NO. |
| Plaintiffs, ) | CIVIL COMPLAINT FOR LEGAL, EQUITABLE AND DECLARATORY RELIEF; |
| vs. ) | |
| CITY OF SAN DIEGO, CITY ATTORNEY'S OFFICE OF THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, STEVEN GOLD, JANET CHELBERG, MARK EMERSON, CRAIG WILLIAMSON, MARTIN BEAN, REESA LANDAU & ROBERT WALLSEY, ) | 42 USC § 1983 PLAINTIFFS DEMAND JURY TRIAL |
| Defendants. ) | |

I

JURISDICTION

1.  The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201. Issues in this action arise under 42 U.S.C. Section 1983.

II

PARTIES

2.  Plaintiff, CHARLES KALLMANN, is an individual person and

1

a citizen of the United States residing in the State of California.

3. Plaintiff, WIEBEKE KALLMANN, is an individual person and a citizen of the United States residing in the State of California.

4. Defendant, CITY OF SAN DIEGO, is a municipality organized and operating under the laws of the State of California. CITY OF SAN DIEGO is sued in its capacity as a local governmental entity consistent with the theory of municipal liability under 42 U.S.C. Section 1983 first announced in Monell v. Department of Social Services 436 U.S.658 (1978). It is alleged that Defendant City organized, operates and maintains the City of San Diego City Attorney's Office. In so doing, Defendant City follows express policies, customs, usages and practices.

5. Defendant, CITY ATTORNEY'S OFFICE OF SAN DIEGO is a department of Defendant CITY OF SAN DIEGO, and a municipal entity organized and operating under the laws of the State of California. Defendant CITY ATTORNEY'S OFFICE OF SAN DIEGO is sued in its capacity as a local governmental entity consistent with the theory of municipal liability under 42 U.S.C. Section 1983 first announced in Monell v. Department of Social Services 436 U.S.658 (1978). It is alleged that Defendant City Attorney, and Defendant City of San Diego, operates a criminal division which prosecutes misdemeanor cases in the City of San Diego. In so doing, Defendant City Attorney operates via express plans, policies, usages, customs and practices.

6. Defendant, COUNTY OF SAN DIEGO, is a municipal entity organized and operating under the laws of the State of California.

Defendant COUNTY OF SAN DIEGO is sued in its capacity as a local governmental entity consistent with the theory of municipal liability under 42 U.S.C. Section 1983 first announced in Monell v. Department of Social Services 436 U.S.658 (1978). It is alleged that Defendant COUNTY, by and through Defendant San Diego County Sheriff's Department, operates via express plans, policies, usages, customs and practices, the jail facilities in the City of San Diego, including, but not limited to, the San Diego Central Jail and the Las Colinas Women's Jail.

7.  Defendant, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, is a municipal entity organized and operating under the laws of the State of California. Defendant SHERIFF'S Department is sued in its capacity as a local governmental entity consistent with the theory of municipal liability under 42 U.S.C. Section 1983 first announced in Monell v. Department of Social Services 436 U.S.658 (1978). It is alleged that Defendant SHERIFF'S DEPARTMENT operates via express plans, policies, usages, customs and practices, the jail facilities in the City of San Diego, including, but not limited to, the San Diego Central Jail and the Las Colinas Women's Jail.

8.  Defendant, STEVEN GOLD, is an individual person sued in his individual capacity.

9.  Defendant, JANET CHELBERG, is an individual person sued in her individual capacity.

10. Defendant, MARK EMERSON, is an individual person sued in his individual capacity.

11. Defendant, CRAIG WILLIAMSON, is an individual person sued in his individual capacity.

12. Defendant, MARTIN BEAN, is an individual person sued in his individual capacity.

13. Defendant, REESA LANDAU, is an individual person sued in her individual capacity.

14. Defendant, ROBERT WALLSEY, is an individual person sued in his individual capacity.

### III

### BACKGROUND FACTUAL ALLEGATIONS

15. The Hydrogiene Corporation [hereafter, Hydrogiene] is a corporation organized and operating pursuant to the laws of the State of Florida. Hydrogiene manufactures, develops and markets for sale products including, but not limited to, the Hydrogiene CTX Intimate Personal Hygiene, Therapy & Sitzbath System.

Plaintiffs, CHARLES KALLMANN and WIEBEKE KALLMANN were at all relevant times officers of Hydrogiene.

On July 6, 1998, Defendants CITY OF SAN DIEGO, through defendants CITY ATTORNEY OF SAN DIEGO, STEVEN GOLD, JANET CHELBERG and MARK EMERSON, caused to be filed sworn affidavit and warrant for the arrest of Plaintiffs CHARLES KALLMANN and WIEBEKE KALLMANN. This affidavit and arrest warrant were the result of an investigation conducted by CITY ATTORNEY OF SAN DIEGO, GOLD, CHELBERG and EMERSON.

This warrant and affidavit included 118 misdemeanor charges against both Plaintiffs. The counts included, but were not limited to:

a. Count 21, wherein Plaintiffs were charged with falsely advertising a device which was represented to have any effect on Acquired Immune Deficiency Syndrome [AIDS], in violation

4

of California Health and Safety Code Section 110403;

        b.    Counts 22-41, wherein Plaintiffs were charged with selling a device which could only have been distributed upon written prescription of a practitioner licensed by law to prescribe the device because of the potentiality for harmful effect.

        c.    Counts 62-98, wherein Plaintiffs were charged with knowingly, by false or fraudulent representations, defraud various individual persons and business entities of money in excess of $400.00, in violation of California Penal Code Section 487(a).

Defendant STEVEN GOLD is an attorney at law, duly licensed to practice before all of the Courts in the State of California, who undertook and participated in the investigation of Plaintiffs and prosecuted Plaintiffs herein.

Defendant JANET CHELBERG is an investigator who investigated Plaintiffs.

Defendant MARK EMERSON is an individual whose statement that Hydrogiene's CTX device was a health threat which could only be used by prescription, and that said device could "explode the colon" of a user, led to the prosecution of Plaintiffs.

Defendants CRAIG WILLIAMSON, REESA LANDAU and MARTIN BEAN were at all relevant times employees of Hydrogiene.

On or about Friday, July 10, 1999, both Plaintiffs were arrested and taken into custody. Plaintiffs were each handcuffed and transported to the San Diego Central Jail. Defendant WALLSEY arrested Plaintiff Charles Kallmann.

At the time of his arrest, Plaintiff Charles Kallmann

was age 71. He suffers from a heart condition and from claustrophobia. During the transport of Charles Kallmann to the Central Jail, Charles Kallmann notified Defendant City of San Diego Police Department, through Defendant WALLSEY, of his aforementioned maladies, as the temperature in the patrol car was extremely hot and the windows were rolled up. Defendant City of San Diego, City of San Diego Police Department and WALLSEY did not take any action to mitigate the situation. Further, WALLSEY did not secure Charles Kallmann, or himself, with seat belts. Charles Kallmann complained to WALLSEY who took no action to mitigate the situation. Finally, Defendants City of San Diego, City of San Diego Police Department and WALLSEY, who transported Charles Kallmann to the Central Jail, did so in a reckless manner by driving in excess of the speed limit without any cause for doing so. Again, Charles Kallmann complained to Defendants via the WALLSEY to no avail.

Afterwards, Defendants City of San Diego, San Diego Police Department transported Plaintiffs to the Central Jail, and both were processed there. Plaintiff Wiebeke Kallmann was ultimately incarcerated at Las Colinas Women's Jail and Charles Kallmann was held at the San Diego Central Jail. Bail was set at $100,000.00 for each Plaintiff.

Wiebeke Kallmann has no previous arrest record. She was shocked and frightened when arrested and told to "put her hands on the car and spread your legs." She began to shake and was injured by the handcuffs which were attached too tightly to her wrists. She began to hyperventilate. She felt terror and shock. When she arrived at the Central Jail, she was placed in a long narrow cell

with metal walls. She was handcuffed to a metal loop on a narrow bench. When she arrived at Las Colinas, Wiebeke Kallmann was forced to disrobe in front of a police officer and was asked if she was going to commit suicide. She felt terrified and humiliated. Afterwards, she was given prison clothing that was uncomfortable and painful because it did not fit. She was outraged and scared to death. She was placed in a cell and was crying and shaking. She could not eat. When she asked Defendant City of San Diego for another blanket she was told "No." She was also denied any skin creme and other toiletries. It was later determined that Defendants County of San Diego and San Diego County Sherriff's Department refused to convey telephone messages to Wiebeke Kallmann.

      Wiebeke Kallmann had her first court appearance the morning of Tuesday, July 14, 1999, at 9:30 a.m.. She was shackled around her waste, legs and wrists throughout her trip to court and upon her return to jail at Las Colinas. Throughout, she was shocked, frightened and prone to fits of crying.

      It was determined at the July 14, 1999 court hearing that Wiebeke Kallmann should be released on her own recognizance. Defendants City of San Diego, County of San Diego, and County of San Diego Sheriff's Department released her approximately 8:00 p.m. that night.

      However, due to her arrest, Defendants City of San Diego, City of San Diego Police Dept., County of San Diego and San Diego County Sherriff's Department confiscated her passport and so she was not able to travel to Germany on a planned trip to see her son married-although she did make this request- which was denied.

1       Plaintiff Charles Kallmann posted bond on Friday, July
2  10, 1999 at 2:00 p.m. Although he posted bond Defendants City of
3  San Diego, County of San Diego, and County of San Diego Sheriff's
4  Department kept him incarcerated for a period in excess of eight
5  hours, whereupon, after some routine processing that could have
6  been accomplished far sooner, he was released at 11:00 p.m. In
7  fact, the processing of Charles Kallmann for release was not
8  accomplished in a timely fashion at all, and Charles Kallmann
9  witnessed officers of the San Diego Police Department playing
10 cards during this time.
11      On or about August 23, 1999, all charges against
12 Plaintiff Wiebeke Kallmann were dismissed in her favor. It is
13 alleged that Defendants CITY ATTORNEY'S OFFICE, GOLD & CITY OF SAN
14 DIEGO entered into discussions with Plaintiff Wiebeke Kallmann and
15 her attorney and it was surmised that there were no facts
16 sufficent to continue a criminal prosecution against her and so
17 the court dismissed the case against her. On or about August 23,
18 1999, all charges against Plaintiff Charles Kallmann were
19 dismissed with the exception of five counts related to misleading
20 advertising, and one count of advertising a general offering which
21 did not comply with the strict requirements of California
22 Corporations Code Section 25110. As to those counts, CHARLES
23 KALLMANN pleaded no contest. The basis for the favorable
24 termination relating to Plaintiff CHARLES KALLMANN, was conveyed
25 by Defendant GOLD in conversations with Plaintiff CHARLES KALLMANN
26 and his lawyer, wherein GOLD stated, inter alia, that if he knew
27 at the beginning of the investigation and criminal action what he
28 knew then, he would not have brought the action at all, and, that

1 Plaintiff CHARLES KALLMANN had to "give him something," or else
2 GOLD would continue the criminal prosecution and financially harm
3 KALLMANN.
4        With respect to the charges alleged by Defendant City of
5 San Diego, by and through the City Attorney, the following is
6 alleged by Plaintiffs:
7 •    At no time did Defendants possess probable cause to arrest or
8 prosecute Plaintiff Wiebeke Kallmann for the charges alleged;
9 •    With respect to the alleged counts of falsely advertising a
10 device which was represented to have any effect on Acquired Immune
11 Deficiency Syndrome [AIDS], in violation of California Health and
12 Safety Code Section 110403, Defendants were aware and had notice
13 that the alleged "advertisement" was nothing more than a web page
14 in development that was never published to the public in any form,
15 yet instituted and continued the prosecution of Plaintiffs on
16 these grounds;
17 •    With respect to the alleged counts of 62 through 98, wherein
18 Defendants alleged that Plaintiffs knowingly, by false or
19 fraudulent representations, defrauded various individual persons
20 and business entities of money in excess of $400.00, in violation
21 of California Penal Code Section 487(a), that Defendants alleged
22 some of these counts without ever verifying with the alleged
23 victims, the facts upon which the counts were based prior to
24 filing; and,
25 •    With respect to the alleged counts 22 through 41, wherein
26 Defendants alleged that Plaintiffs sold a device that could only
27 be distributed upon written prescription by a licensed medical
28 practitioner, that the device was a health threat and could

"explode the colon" of a potential user, that said statements were made recklessly and without probable cause.

With respect to Defendants COUNTY OF SAN DIEGO & SAN DIEGO COUNTY SHERIFF'S DEPT., Plaintiffs allege that they employ a number of policies of deliberate indifference to the constitutional rights of criminal defendants, including, but not limited to:

- Not releasing criminal defendants within a reasonable time after bail is posted, violating the 4th & 14th Amendments to the Constitution;
- Not providing common necessities to criminal defendants imprisoned at Las Colinas Womens' Jail, violating the 8th & 14th Amendments to the Constitution; and
- Not maintaining safe transportation of criminal defendants upon arrest, violating the 8th & 14th Amendments to the Constitution.

With respect to Defendants BEAN, LANDAU and WILLIAMSON, each intentionally made false and injurious statements about Plaintiffs knowing such statements to be false. Such statements included, but were not limited to: that Plaintiff Charles Kallmann was a gun runner and wanted by authorities in Germany on an arrest warrant. Plaintiff also alleges that such statements were published to the public at large. Plaintiffs further allege that Defendants BEAN, LANDAU & WILLIAMSON unlawfully invaded the privacy of Plaintiffs.

IV

CHARGING ALLEGATIONS

A. 42 U.S.C. § 1983 (alleged against Defendants CITY OF SAN DIEGO,

CITY ATTORNEY OF CITY OF SAN DIEGO, STEVEN GOLD)

16. The contents of all previously alleged paragraphs are realleged herein, as though fully set out.

17. At all relevant times, Plaintiffs had rights under 4th and 14th Amendments to the United States Constitution to be free from malicious criminal prosecution. The alleged violation of these rights are sought to be vindicated via 42 USC § 1983.

18. At all relevant times, Defendants City of San Diego, San Diego City Attorney had a policy of deliberate indifference to the constitutionally guaranteed rights of Plaintiffs. This policy of deliberate indifference includes, but is not limited to, knowingly making criminal charges against Plaintiffs herein without probable cause to support said charges. Plaintiffs specifically allege that as to the charges of fraud, Defendants had actual knowledge that some of the alleged victims were not even contacted to determine if they were indeed victimized by Plaintiffs. Further, as to the counts related to advertising a device which claimed to falsely have an effect on Acquired Immune Deficiency Syndrome, Defendants knew that the web page in question was only in development and had never been actually published on the world wide web.

19. As a direct and proximate result of the application of this policy of deliberate indifference, Plaintiffs suffered incarceration and prosecution of criminal charges without probable cause in violation of the 4th and 14th Amendments to the United States Constitution.

20. As a direct and proximate cause of the application of this policy of deliberate indifference, Plaintiffs also suffered pain, suffering, worry, anxiety, shock, horror and the attendant public

scorn that was the result of the publicity of their baseless criminal prosecution.

Wherefore, Plaintiffs seek relief as is more fully set out below.

B.

42 U.S.C. §1983 (alleged against Defendants GOLD, CHELBERG AND EMERSON)

21. The contents of all previously alleged paragraphs are realleged herein, as though fully set out.

22. At all relevant times, Plaintiffs had rights under the 4th and 14th Amendments to the United States Constitution to be free from malicious criminal prosecution. Vindication of these rights is sought via 42 USC § 1983.

23. At all relevant times, each individual Defendant was acting under color of state law, in their individual capacities as investigators.

24. Plaintiffs allege that each individual acted in an investigatory capacity in developing the criminal case against Plaintiffs. In so doing, each individual Defendant acted to initiate and maintain the criminal prosecution against Plaintiffs, which included counts that had no factual basis to support them through their investigatory work. With respect to certain of the charges, those relating to the alleged fraud counts, GOLD and CHELBERG did not even contact some of the alleged victims to ascertain the truth of the allegations prior to filing an affidavit swearing out the criminal complaint. Regarding EMERSON, he made false and misleading statements about Hydrogiene's product without testing it or consulting with qualified medical

1  professionals before alleging that the product was a health hazard
2  which could "explode a colon." As a result of these acts, and
3  other facts previously recited and incorporated herein by
4  reference, especially comments by GOLD to the effect that had he
5  known at the beginning of the criminal prosecution and
6  investigation what he knew later, he would not have brought the
7  action; yet, he threatened Plaintiff CHARLES KALLMANN with
8  financial ruin should he (Kallmann) not decide to "give me
9  something" the prosecution of Plaintiffs was without probable
10 cause and was malicious.
11 25.  As a direct and proximate cause of the acts of Defendants, as
12 alleged herein, Plaintiffs suffered injuries more fully described
13 below.

C.

42 U.S.C. §1983 (alleged against Defendants CITY OF SAN DIEGO,
COUNTY OF SAN DIEGO-declaratory relief, ROBERT WALLSEY-legal
relief)

18 26.  The contents of all previously alleged paragraphs are
19 realleged herein, as though fully set out.
20 27.  At all times relevant hereto, Plaintiffs had rights under the
21 4th, 8th and 14th Amendments to the United States Constitution.
22 These rights include the rights to be free from imprisonment
23 without probable cause and the rights to be free from cruel and
24 unusual punishment. These rights are sought to be vindicated
25 through 42 USC § 1983. At all relevant times, Defendant WALLSEY
26 was acting under color of state law.
27 28.  Plaintiffs allege that Defendant CITY OF SAN DIEGO presently
28 employs policies, practices, customs and usages which are

13

violative of Plaintiff's constitutional rights as set forth above.
- The first policy has to do with the transportation of prisoners. Plaintiffs allege that once a prisoner is taken into custody, they have a right under the 8th and 14th Amendments to the U.S. Constitution to be retained, transported and maintained in reasonably safe conditions. Plaintiffs allege that the manner in which Charles Kallmann was transported, as alleged herein, was deliberately indifferent to his constitutional rights. Further, Defendant WALLSEY, in transporting Plaintiff CHARLES KALLMANN, while acting under color of state law, intentionally refused to apply a seat belt to Plaintiff, refused to allow Plaintiff adequate air ventilation while Plaintiff CHARLES KALLMANN was seated in the squad car, and drove at an excessive and dangerous rate of speed in transporting Plaintiff.
- Further, Plaintiffs allege that Defendant COUNTY OF SAN DIEGO maintains a policy, practice, custom and/or usage which causes incarcerated persons who post bail to be continued to be held by the police for an unreasonable and unjustifiable amount of time before they are released in violation of their 4th, 8th and 14th Amendment rights.
- Plaintiffs allege that Defendant COUNTY OF SAN DIEGO employs a custom, practice, policy or usage which denies persons incarcerated in its jail to have common necessities such as an adequate and/or extra blanket in violation of the 8th and 14th Amendments to the US Constitution.
- Plaintiffs allege that Defendant COUNTY OF SAN DIEGO employs a custom, practice, policy or usage which denies persons

14

their rights to privacy under the 4th and 14th Amendments to the US Constitution by not deleting and expunging fingerprint, mug shot and other information from informational databases when all charges have been dismissed against a particular defendant.

29. Plaintiffs allege that a genuine controversy exists between the parties surrounding these issues and that this Court thereby has jurisdiction to enter a declaratory judgment claiming said policies, procedures, practices, customs and usages to be unconstitutional.

30. Insofar as the legal remedy is inadequate to ameliorate the above abuses and violations of the US Constitution, plaintiffs pray for injunctive relief and an order of this Court eliminating said abuses and maintaining continuing jurisdiction to monitor and address any subsequent violations.

31. As a direct and proximate result of Defendant WALLSEY'S conduct, Plaintiff KALLMANN proximately suffered damages more fully alleged herein.

Wherefore, Plaintiffs pray for damages as are more fully described below.

### D.

### Defamation

(alleged against Defendants BEAN, LANDAU & WILLIAMSON)

32. The contents of all previously alleged paragraphs are realleged herein, as though fully set out.

33. At all relevant times, Defendants LANDAU, BEAN and WILLIAMSON were individuals and former employees of Plaintiffs.

34. Beginning or on about July, 1999, Defendants LANDAU, BEAN &

WILLIAMSON intentionally began making specious and false statements of fact about Plaintiffs including statements which included, but were not limited to: that Plaintiffs had defrauded creditors, Plaintiff Charles Kallmann was under criminal indictment with a warrant outstanding for his arrest in Germany, and that Plaintiff Charles Kallmann was a gun runner.

35. These statements were false and were made with the intent to injure Plaintiffs and their business as well as imply or state that Plaintiffs were guilty of a criminal offense.

36. As a direct and proximate result of these statements, criminal charges were brought against Plaintiffs; Plaintiffs suffered injury to their reputation, and have also suffered special and general damages in an amount according to proof at the time of trial.

Wherefore, Plaintiffs pray for damages as are more fully described below.

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

a.   On all counts against all named defendants, for compensatory and punitive damages in an amount according to proof;

b.   On all counts against all defendants, for costs and attorneys fees under 42 USC § 1988;

c.   On those counts seeking declaratory and injunctive relief, Plaintiffs seek declarations of this court invalidating any policy, procedure, custom, usage or practice of Defendant COUNTY OF SAN DIEGO which:

    1.   Maintains fingerprint and booking information on criminal defendants whose cases are dismissed;

16

      2.   Imprisons criminal defendants for unreasonable periods of time after bail is posted;

      3.   Refuses incarcerated criminal defendants necessary amenities and toiletries;

and, with respect to Defendant CITY OF SAN DIEGO, invalidating any policy, procedure, custom, usage or practice which:

      1.   Allows criminal defendants to be transported without properly restraining the criminal defendant with a seat belt; and,

      2.   Allows criminal defendants to be transported in a fashion which disregards the health concerns of the criminal defendant which Defendant CITY OF SAN DIEGO has actual notice of. Plaintiffs demand jury trial.

Dated: 6-7-00

MAILANDER LAW OFFICE

by: _____

Tad Mailander, attorney for Plaintiffs CHARLES KALLMANN & WIEBEKE KALLMANN

17

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED
00 JUN -8 PM 12:39

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| CHARLES KALLMANN, WIEBEKE KALLMANN | CITY OF SAN DIEGO, CITY ATTORNEY'S OFFI OF THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERRIFF'S DEPT, STEVEN GOLD, JANET CHELBERG, et a |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED  San Diego PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) DEPUTY San Diego |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Tad Mailander 2707 Garnet Avenue, #200-F San Diego, CA 92109 (858) 274-8131 | ATTORNEYS (IF KNOWN) '00 CV 01161 E (AJB) |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only)  FOR PLAINTIFF AND ONE BOX FOR DEFENDAN

| | PT | DEF | | PT | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☒1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒ |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐ |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 USC 1983; 4th/14th Amendment violation; malicious criminal prosecution

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See Instructions):   JUDGE ___   Docket Number ___

DATE 6/8/00   SIGNATURE OF ATTORNEY OF RECORD

OL  #60975 /8/50